JOHN L. EMMONS & another *vs.* EBENEZER HAYWARD.

A defendant, by filing an admission of the plaintiffs' case, in order to obtain the right to open and close, under the forty-first rule of the court of common pleas, is not thereby estopped from setting up in defence the statute of limitations.

BIGELOW, J. The only question raised in this case is, whether the defendant, by filing an admission under the forty-first rule of the court of common pleas, for the purpose of obtaining the right to open and close, estopped himself from

setting up in defence the statute of limitations. The case in effect presents the question, whether a defendant can avail himself of that rule of court, in any case where the statute of limitations is specified and relied upon as a defence.

There can be no doubt that the defence of the statute of limitations is, strictly speaking, in avoidance of the plaintiff's action. It admits a claim once valid and binding, but sets up a new, distinct, and substantive answer to it. Under the system of special pleading, it was always necessary to set up this defence by plea. 1 Chit. Plead. 479; 1 Saund. 283, n 2; 2 Ibid. 63 b, c. Although the plaintiff may have set out in his declaration a demand, which, upon its face, was within the statute, and in proof offered a claim which was thereby barred, he was, nevertheless, entitled to recover, unless the defendant had formally pleaded in defence the statute bar. By proving the claim as declared upon, the plaintiff had sustained the general issue. He proved the promise in manner and form as alleged, to which the statute, under that plea, was, neither in form or substance, any answer. And so it is under the rules of court, which have been passed since the enactment of the statute abolishing special pleading. The statute of limitations, " being matter in avoidance " of the action, must be specified in a statement filed by the defendant. Rule of C. C. Pleas xxxix. Under the general issue, therefore, in an action of assumpsit upon a claim which is in fact barred by the statute, the plaintiff is required only to prove his promise as alleged, and this will entitle him to recover, unless the defendant specifies the statute as a defence. Now by the 41st rule of the court of common pleas, to entitle the defendant to the opening and close, where matter in avoidance of the action is specified, he must file a statement in writing, admitting all the facts necessary to be proved by the plaintiff in his opening on the general issue. It is quite obvious that by the true construction of this rule, the admission should be confined to matters which are properly provable under the general issue, according to the rules of special pleading. If it were otherwise, as by the statute all matters of law and fact in defence of actions may be given in evi-

dence under the general issue, the defendant would, by an admission under the rule, preclude himself from, all special matter in discharge or avoidance of the action.    Under this rule, then, in actions of assumpsit, the defendant must admit the promise, in manner and form as it is alleged by the plaintiff. But such admission is entirely consistent with the defence of the statute of limitations.    It confesses the promise, but couples with it an averment of a distinct substantive ground of avoidance, viz: that the plaintiff's remedy is barred by lapse of time.    The fallacy of the argument on the part of the plaintiff consists, in supposing that the defendant's admission is broader than it really is.    It is true, it does admit something more than a *primâ facie* case.    It admits that the plaintiff is entitled to recover, unless the special matter in avoid-ance is made out; but it does not preclude the defendant from proof of such special matter.    It estops the defendant from all proof under the general issue, and confines him strictly to the matter specified in avoidance.

The case at bar well illustrates the application of the rule. The plaintiffs declare upon a special promise by the defendant to pay certain moneys upon a demand thereof by the plaintiffs, after a readiness on their part to make up certain accounts. The defendant by his admission of all the facts necessary to be proved under the general issue by the plaintiffs, admits the promise, the readiness of the plaintiffs to make up the ·accounts and a demand upon him.    These are all the facts which the plaintiffs would have to prove under the general issue, and the defendant does not seek to controvert them. But he alleges the new and distinct fact, that a demand was made and the cause of action accrued more than six years prior to suit brought.    Nor does it make any difference, that the plaintiffs have averred in their specification of claim, the times when the different demands were made on the defendant.    The particular date of the demand was not essential to the plaintiffs' case.    All that was necessary for them to prove was a demand before suit brought.    Besides; an admission of a demand made in 1848 does not estop a party from proving a demand six years prior to that time, when the

cause of action actually commenced, and the statute began to run.                                        *Exceptions overruled*

   *E. Blake*, for the plaintiffs.

   *H. F. Durant*, for the defendant.